## SUPREME COURT.

### THE PEOPLE *ex rel.* MCSPEDON & BAKER agt. THE BOARD OF SUPERVISORS OF THE COUNTY OF NEW-YORK.

*It seems*, that where public bodies are called to answer an *alternative mandamus*, it is the better and wiser course not to rely upon objections to the writ which are of a purely *technical* character, not involving the merits, but to meet the writ by an examination of the merits of the controversy at once.

A return to an alternative mandamus is bad in form, which leaves the defence to be *inferred* from the facts stated, instead of a distinct averment to that effect. An argumentative return is always bad.

It is not necessary that *all* the commissioners of records should sign the *certificates* given for amounts due upon contracts. It is enough that they are signed by a majority of them.

It is a universal rule, subject only to statute exceptions, that in all cases where a public duty is to be performed by a specified number, although all must have notice of the meeting, the acts of a majority are binding.

The alternative mandamus in this case commanded the respondents to raise by tax a certain sum, to pay the relators the moneys then due them in relation to their contract with the commissioners of records, and to enable them to perform their contract, &c., showing that only a *portion* of the amount claimed to be raised by tax was *then due* to the relators, a portion of the work only having been performed. *Held*, that the relators claimed and the writ demanded too much. Judgment for respondents.

McSpedon & Baker agt. The Board of Supervisors, &c.

*New - York Special Term, November,* 1859.

MOTION to strike out portions of the return to an alternative mandamus, and for a peremptory mandamus, &c.

JOHN W. EDMONDS *and* JAMES T. BRADY, *for relators.*
A. R. LAWRENCE, JR., *for respondents.*

INGRAHAM, Justice.    An alternative mandamus was issued in this matter, commanding the respondents to raise by tax a sum exceeding $193,000, to pay the relators the moneys now due them in relation to their contract with the commissioners of records, and to enable them to perform their contract, &c., or show cause why the same should not be raised, &c.

On the return of this writ, the respondents submit various objections thereto in their return.

The plaintiffs now move to strike out this return, or portions thereof, and for a peremptory mandamus, or for leave to demur.

Many of the objections taken to the granting of this writ are of a purely technical character, not involving the merits, and are such as should not be relied on by the board of supervisors in refusing to carry out the provisions of law defining their duties in regard thereto. It is wiser for public bodies, taking such a course, to sustain their action by an examination of the merits of the controversy at once, instead of postponing such discussion by resorting to objections upon mere matters of form.    As, however, they are made part of this case, it is my duty to pass upon them as presented, so far as may be necessary to decide this motion.    The return denies that McSpedon & Baker, the relators, ever obtained, or had in their possession, certificates of the commissioners of records for any amount due them on their contract.

The first and second paragraphs of the return would form a general denial of the allegation that the relators had such a certificate, were they not qualified by the 3d, 4th, 5th and 6th sections, which set out the election of Miner as register; that he was *ex officio* one of the commissioners, and that he did not sign the certificates.

Taken together, these six paragraphs can only be construed as averring that Wm. Miner was one of the commissioners of records, and did not sign the certificates.

In form it is bad, because it leaves the defence to be inferred from the facts stated, instead of a distinct averment to that effect. An argumentative return is bad.

I think it is bad also in substance. It is not necessary that all the commissioners should sign the certificates. It is enough that they are signed by a majority of them. That appears to be the case as to all the certificates. The commissioners should all have notice of a meeting for the purpose, in order that all may consult together; but it is not in the power of any one, who may be dissatisfied, in this way to prevent the payment of what would be a just claim.

In all cases where a public duty is to be performed by a specified number, although all must have notice of the meeting, the acts of the majority are binding. This rule is universal, except where the statute expressly requires the assent of all, and there is no good reason why it should not as well apply to a certificate to be given after the work has been performed, as to a resolution authorizing the contract for it in the first instance.

There are other objections to this return which would be worthy of examination, were it not that for other reasons the relators are not entitled to the peremptory mandamus, and even if the return should be quashed, the motion for such writ should not be granted.

The alternative writ shows that only a portion of the amount claimed to be raised by tax is due to the relators, and claims that the whole amount is required in order to perform and complete the contract. It is clear, therefore, that at present the relators have no right to this fund, except the portion due for work already performed. They may never complete the contract, and never be entitled to any further payment. The rule is, I think, well settled that a relator cannot have a peremptory writ, unless he shows a clear legal right to what he

asks for. (*People* agt. *Supervisors, &c.*, 1 *Kernan*, 563 ; *People* agt. *Canal Board*, 13 *Barb.*, 444, *are cases so holding.*)

It will not be pretended that these relators at the present time have any such claim. Whether they will have or not at a future period any such claim, is uncertain. It may not be required during the year, and in case of a non-performance on their part might not be needed at any time on this contract.

Whether they could apply for a mandamus as to the amount now due them, is a question not necessary to the decision of this motion. It is enough that they are not entitled to what is asked for in the writ. To hold otherwise, would be to sanction the principle that any contractor with the city government might, before his contract is completed, insist that the amount contemplated to be expended under his contract should be raised by tax, because it was possible he might require it during the coming year.

If any one has a right to such a writ it must be the commissioners who have entered into the contract, and who will require the moneys for payment.

It may be said that a part of this sum is now due to the relators. That, however, does not relieve the difficulty. If the writ demands too much, there must be judgment for the respondents. The peremptory writ must follow the alternative mandamus, and there cannot be judgment for the relators for part, and for the respondents for the other part. (*People* agt. *Supervisors of Dutchess*, 1 *Hill*, 50.) In the case from 4 *Barn. & Cresw.* 895, no objection appears to have been made on this point.

For these reasons, I am of the opinion that the motion for a peremptory mandamus should be denied, and that although the return is defective, still there is no necessity to strike out any part of it, as no further relief could be given to the relators on this application.

As the return is defective, I think it proper to refuse costs to either party on this motion.

Motion denied without costs.